UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

MEDALLION FINANCIAL CORP., et al.,

                Defendants.
------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/2022
```

21-cv-11125 (LAK)

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Motions to dismiss complaints for legal insufficiency play an important role in federal civil practice, as they permit courts to dispose early of claims based on factual allegations in complaints which, even if true and viewed in the light most favorable to the plaintiffs, would not give rise to any right to relief. They are not occasions for arguing cases on contested facts, occasions which arise later in the course of the lawsuits. And while there is limited flexibility to consider certain materials that are outside the four corners of a complaint, the defendants' understandable zeal to tell their side of the story now, on motions to dismiss, has exceeded the limits of that flexibility.

*The Motion*

        Plaintiff moves to strike the following exhibits attached to the moving affidavit in support of the motion of defendants Medallion Financial Corporation ("Medallion") and Andrew Murstein (Dkt. 61) – to wit, "filings upon which the Amended Complaint does not rely (Exs. 4, 8, 12, 13, 15, 16, 22, 35); news articles or law firm 'alerts' summarizing recent developments (Exs. 11, 14, 24 and 31); documents concerning various purported 'valuations' of, and 'offers' for, the Bank

2

(Exs. 6, 7, 21 and 23); and excerpts from transcripts of the investigative testimony of three individuals (Exs. A-C)." Dkt. 67, at 5.

*General Principles*

Courts in this circuit "may consider the full text of documents that are . . . incorporated by reference in, or 'integral' to the complaint." Dkt. 72, at 3 (quoting *Sillam v. Labaton Sucharow LLP*, 2022 WL 1036635, at *5 (S.D.N.Y. Apr. 5, 2022) (internal citation omitted)). The documents at issue here are not integral to the Amended Complaint because "plaintiff [does not] rel[y] heavily on the document[s'] terms and effect in pleading [its] claims . . . ." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 107 (2d. Cir. 2021) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). Defendants' argument against striking the exhibits in question therefore hinges on whether each is incorporated by reference in the Amended Complaint. And defendants either misapprehend or deliberately misstate the standard by implying that any document quoted or referred to in the Amended Complaint is incorporated by reference.

"A mere passing reference or even references . . . to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself." *QED, LLC v. Faber Daeufer & Itrato, P.C.*, No. 20-cv-2767 (VEC), 2021 WL 707073, at *2 (S.D.N.Y. Feb. 22, 2021) (quoting *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011)); *see also Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (holding that where "[t]he amended complaint merely discussed [certain] documents and presented short quotations from them" the documents were not incorporated by reference because "[l]imited quotation does not constitute incorporation by reference") (latter quotation from *Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985)). Incorporation requires a "clear, definite[,] and substantial reference to the documents" in the complaint. *Bergensen*

3

*v. Manhattanville College*, No. 20-cv-3689 (KMK), 2021 WL 3115170, at *2 (S.D.N.Y. July 20, 2021) (internal citation omitted).

Moreover, even documents that may be considered on a motion to dismiss normally should not be considered for the truth of any statements made therein. *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007). This makes sense given that the Court should not find facts by weighing competing inferences on a motion to dismiss. And in the securities fraud context: in order "to determine whether the document [upon which the plaintiff's case is based] contained the misrepresentation alleged by the plaintiff, or whether it disclosed facts alleged to have been omitted," "the courts will look at SEC disclosure documents 'only to determine *what* the documents stated,' and '*not to prove the truth of their contents*.'" Dkt. 67, at 2 (quoting *Roth*, 489 F.3d at 509 (emphasis in original) (internal citation omitted)). They may decline to consider SEC filings which do not form the basis of the cause of the action.

*Application*

There is no responsible case for failing to grant the plaintiff's motion to strike.

*SEC Filings (Exs. 4, 8, 12, 13, 15, 16, 22, 35)*

None of these exhibits is cited substantially in the Amended Complaint. And even the few that potentially are relevant to the SEC's substantive claims are cited improperly for the truth of their contents. Exs. 8, 13, and 15, for example, are cited by defendants to undermine materiality, namely the SEC's contention that the Bank relied heavily on loans financed by taxi medallions. And Ex. 22 is relied upon to rebut the SEC's allegations of scienter against Murstein. They should not be considered at this stage.

4

*Articles (Exs. 11, 14, 24, 31)*

None of these articles is mentioned in the Complaint and each is offered for the truth of some fact or another.

*Documents Concerning Purported Valuations and Offers for the Bank (Exs. 6, 7, 21, 23)*

Ex. 6 is a draft agreement between Medallion Bank and a financial technology company. The company purportedly was interested in purchasing a minority stake in the Bank at a $350 million valuation. Plaintiff cites this agreement in its discussion of Murstein's attempts to convince the auditor to make a higher valuation. Am. Compl. ¶¶ 145-49, 270. Because the allegations are about Murstein's conduct and misrepresentations directed toward the auditor, not the terms of this draft agreement, the Court does see how passing references to the draft agreement render the document incorporated by reference.

Ex. 7, a letter-report from an investment bank to Medallion's audit committee, is similarly not incorporated by reference. Plaintiff alleges that Medallion obtained the investment bank's valuation via a quid-pro-quo arrangement and then relied on it in its own financial reporting. *Id.* ¶¶ 175, 222. So, just like for Ex. 6, the allegation is about defendants' conduct not the letter itself, and the document is not incorporated by reference.

Ex. 21 is an excerpt from a presentation by a different investment bank in which a range of potential valuations was presented. Plaintiff refers to this document in passing as part of its story about how Murstein shopped around for valuations. *Id.* ¶ 145. So, for much the same reasons, it is not incorporated by reference.

Ex. 23 is a demonstrative based on Exs. 6, 7, and 21 and should be stricken also.

*Investigatory Transcripts (Exs. A-C)*

The SEC rightly noted in its reply that "[d]efendants offer no legal authority for their submission of investigative testimony excerpts in purported support of their motion to dismiss." Dkt. 74, at 4. These are properly stricken, as they do not bear on the sufficiency of the pleadings.

*The Pending Motions to Dismiss*

As the statement of facts in the motion of defendants Medallion and Murstein to dismiss the complaint explicitly "is drawn from the allegations in the Amended Complaint and documents [these defendants claim are] cognizable on a motion to dismiss" (Dkt. 58, at 6 n.6.) – which will be stricken – it is interspersed with material not properly considered. That is true also of the motion to dismiss by defendants Lawrence Meyers and Ichabod's Cranium, Inc., as they incorporate the Medallion-Murstein papers by reference. In the circumstances, the defendants' motions to dismiss the complaint will be denied.

*Conclusion*

The plaintiff's motion to strike (Dkt. 66) is granted in all respects. The defendants' motions to dismiss the complaint (Dkt. 57, Dkt. 59) are denied without prejudice to renewal on papers devoid of references to any of the stricken exhibits.

SO ORDERED.

Dated:       August 2, 2022

/s/     Lewis A. Kaplan
—————————————————
Lewis A. Kaplan
United States District Judge