UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

MEDALLION FINANCIAL CORP.,
ANDREW MURSTEIN,
LAWRENCE MEYERS
and ICHABOD'S CRANIUM, INC.,

Defendants.

Case No. 1:21-cv-11125 (LAK)

SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/22

# STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER

WHEREAS, this matter having come before the Court by stipulation of Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") and Defendants Medallion Financial Corp., Andrew Murstein, Lawrence Meyers, and Ichabod's Cranium, Inc. (together with Plaintiff, each individually a "Party" and collectively, the "Parties") for the entry of a confidentiality order limiting the review, copying, dissemination, and filing of confidential documents and information to be produced by any Party or by any non-party in the course of discovery in the above-captioned case, and in any related litigation that may arise in the future, to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY ORDERED that the following provisions shall govern claims of confidentiality in these proceedings by both Parties and non-parties to the proceedings:

(a) The following documents and information may be designated as "confidential" at any time by a Party, a non-party producing documents or information, or any federal or state banking regulator that may have a legal right to assert a common law or statutory right to the nondisclosure of information in the possession of a Party or producing non-party (each, a "Designating Party"), provided such documents or information are not public and have not previously been disclosed by the Designating Party or its agents to the public or to any person who does not have a legal or contractual duty to the Designating Party to maintain the confidentiality of such documents and information:

  i. **Sensitive Commercial Data**: such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data;

  ii. **Data Subject to Statutory and/or Common Law Bank Secrecy or Examination Rules or Privileges, including 12 C.F.R. Part 309 and Utah Code Ann. §7-1-802**: such as suspicious activity reports, bank examination reports, and correspondence between banks and their federal or state banking regulators, or documents discussing communications with such regulators that may be subject to a bank examiners' privilege or similar protection from public disclosure;

  iii. **Sensitive Personal Data**: such as personal identifiers, financial information, tax records, and employer personnel records;

  iv. **Medical and Legal Records**: including medical files and reports; or

      v.    **Other Confidential Materials**: any document that a Designating Party otherwise in good faith believes is entitled to protection under Federal Rules of Civil Procedure 26(c)(1)(G) or applicable case law.

(b) Any Party receiving documents or information that have been designated as "Confidential" (a "Receiving Party") may, at any time, notify the Designating Party in writing that the Receiving Party does not concur in the designation of a document or other material as confidential, provided that the Receiving Party must identify with specificity the document or other material that is the subject of the challenge and the basis for such challenge. The Designating Party may, within seven (7) business days of the written request, agree to declassify such document(s) or material, or notify the Receiving Party, its counsel and counsel for all other Parties of a proposed date and time to meet and confer over the confidentiality designation. Counsel for other Parties may, but are not required to, attend such conferences. If the Designating Party does not respond to the written challenge to the confidentiality designation, the challenged document(s) or material shall not continue to be treated as confidential.

      i.    In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the Confidential documents or material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation. If the meet and confer process is unsuccessful, the Designating Party must respond to the challenge in writing no later than five (5) business days after the meet and confer. If the Designating party does not provide a written explanation

    for the designation, the document(s) or material shall not continue to be treated as confidential.

  ii. Upon receiving the Designating Party's written response (or upon written notice to the Designating Party that an earlier ruling is necessary), the Receiving Party may move before the Court for an order declassifying the challenged document(s) or material. If no such motion is filed after the Designating Party provides its written explanation for the confidentiality designation, such document(s) or material shall continue to be treated as confidential. If such motion is filed, the document(s) or other material shall be deemed confidential unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Designating Party bears the burden of establishing the propriety of its designation of document(s) or material as confidential.

(c) An attorney for a producing Designating Party may designate documents or parts thereof as confidential by stamping the word "Confidential" on each page. If confidential information is provided in an answer to an interrogatory, counsel for a Party may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

(d) At the time of a deposition or within ten (10) days after receipt of the deposition transcript, a Designating Party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts

will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Stipulation and Order. The confidential portion(s) of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential" by the reporter.

(e) Documents designated "confidential" shall be shown only to the attorneys, Parties, experts, consultants, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see documents marked as "confidential" shall first be shown a copy of this Stipulation and Order and shall further be advised of the obligation to honor the confidential designation. Review of the confidential documents and information by counsel, experts, or consultants for the Parties in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or in camera disclosure of a confidential document or information shall not generally be deemed a waiver, in whole or in part, of any Designating Party's claims of confidentiality. If at any time prior to trial, a Designating Party realizes that some portion(s) of the discovery material that a Party or non-party produced should be designated as "confidential," the Designating Party may so designate by apprising all Parties, and if relevant, any non-party, in writing and, if the discovery material is a document, re-producing the document in accordance with the procedures set forth in Paragraph (c) above, and provided that the material has not already been published or otherwise disclosed by the Designating Party or its agents to the public or to any person who does not have a legal or contractual duty to the Designating Party to maintain the

confidentiality of such material, such portion(s) of the discovery material shall thereafter be treated as confidential under this Stipulation and Order.

(g) The Parties agree that any confidential discovery material produced in this litigation may be publicly used or disclosed only as necessary for purposes of this litigation, such as in discussions in briefs, exhibits filed with the Court, exhibits in depositions or hearings, and exhibits in trial testimony. The Parties shall make every reasonable effort to protect confidential information from unnecessary public use or disclosure by careful selection of the confidential information to be used, redaction, summaries or descriptions, and stipulations. When feasible, the Party wishing to use information designated by a Designating Party as confidential will confer with the Designating Party to agree upon the public use and disclosure of confidential information. Where appropriate, a Designating Party may request that certain confidential information be filed under seal. The Court may address such requests by granting the motion, denying it, conducting an in camera review of the information proposed to be filed under seal, or by taking such other action as the Court deems appropriate. Confidential information publicly used or disclosed in accordance with this paragraph remains confidential.

(h) Any Party wishing to file under seal in connection with a motion, brief or other submission to the Court, or offer under seal at any hearing, proceeding or trial in this action, a document or portion thereof designated as confidential information, must first seek leave of this Court to do so and show good cause exists to seal the document, unless the Court has already ordered that such filing under seal is appropriate. *See In re Agent Orange Product Liability Litigation*, 82 F.2d 139, 145 (2d Cir. 1987); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999). Confidential documents may be redacted without

prior order of the Court only as provided in Paragraph (i) below and the Court's Individual Practices concerning motions to file under seal or with redactions. Redactions necessary to protect the privacy of an individual, as required by Rule 5.2(a) of the Federal Rules of Civil Procedure, do not require a motion or prior order of the Court.

(i) If a Party wishes to file with the Court a document(s) or deposition testimony designated by a Designating Party as confidential information, the non-designating Party shall provide written notice to all other Parties and to any other Designating Party, at least seventy-two (72) hours in advance of the date the Party intends to file the document(s) or deposition testimony, identifying the specific document(s) or deposition testimony which will be filed. The Designating Party shall have twenty-four (24) hours to seek leave of this Court to seal the document(s) or deposition testimony and show good cause exists to seal the document(s) or deposition testimony. Failure of the Designating Party to seek leave within twenty-four (24) hours shall be deemed a waiver of the designation of the document(s) or deposition testimony as confidential information and the non-designating Party may file the document(s) or deposition testimony in the public record. Pending the Court's decision of whether good cause exists to seal the document(s) or deposition testimony, the Parties shall provisionally file the motion, brief, or other submission, redacting only those document(s) or deposition testimony for which leave to seal has been requested. Following the Court's decision as to whether good cause exists to seal the document(s) or deposition testimony, the Party wishing to file the document(s) or deposition testimony designated as confidential information, shall file as a separate docket entry, the motion, brief, or other submission, including the document(s) or deposition testimony designated as confidential information, in accordance with the Court's order. If the Court grants the motion for leave

to file under seal, counsel shall file under seal those and only those specific document(s) and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential information, or that set forth the substance of such confidential information, unless independent good cause is demonstrated.

(j) Prior to any court proceeding in which a Party wishes to use confidential discovery material, counsel (including, where applicable, counsel to a Designating Party who is not a Party) shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such discovery material. In the event the Parties and/or Designating Party cannot reach an agreement, the person objecting to the use of the confidential discovery material shall have the opportunity to seek relief from the Court.

(k) Within sixty (60) days after the conclusion of the litigation, including the exhaustion of all appeals, all confidential material shall be returned to the Parties who produced the documents (each, a "Producing Party") or destroyed by the recipients, unless (1) the document or information has been offered into evidence or filed without restriction as to disclosure, or (2) with regard to any documents in the possession of the Commission, the Commission determines that it needs to retain such documents to fulfill its record-keeping obligations or to carry out any permitted uses under Commission Form 1662. Counsel may retain attorney work product, including an index which refers to or relates to information designated "confidential," so long as work product does not duplicate verbatim substantial portions of the text or images of confidential documents or information.

(l) Notwithstanding any other provisions contained herein, this Stipulation and Order does not limit or restrict the Commission from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

(m) Nothing in this Stipulation and Order shall be construed to limit any Producing Party's use or disclosure of its own documents, materials, or information designated hereto as confidential. In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use, or dissemination of any documents or information that are in the public domain or otherwise publicly available.

(n) In addition to the procedures set out above, the Parties and if relevant, any other Designating Party, may agree upon additional protections for specific confidential information consistent with the terms of this Stipulation and Order, or may move this Court for additional protections to the extent they are inconsistent with this Stipulation and Order, or if the Parties and if relevant, any Designating Party, cannot agree on the treatment of such specific confidential information.

(o) The Parties agree, and the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, that inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such document or material is privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, and no Party shall be held to have waived any claims or arguments under the inadvertent production doctrine.

    i. Upon identifying a document or information produced by the Producing Party that appears to contain a communication or information covered by the attorney-client privilege or work-product protection, the Receiving Party shall: (a) immediately

9

cease any inspection, use, or disclosure of the material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such material; and (b) promptly notify the Producing Party in writing of its receipt of the material, including the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document so that the Producing Party may make a demand that any material be returned or destroyed. If the Producing Party believes that the confidential information is protected by a privilege or other protection by law, it shall notify the Receiving Party within five (5) business days of the Receiving Party bringing the document or material to its attention. The Receiving Party shall then comply with its obligations under Federal Rule of Civil Procedure 26(b)(5)(B).

ii. If a Producing Party discovers that a privileged document or other material was inadvertently produced, the Producing Party shall so notify the Party or Parties to whom the document or material was produced in writing within five (5) business days of such discovery and shall simultaneously provide the basis for its claim of privilege or protection.

iii. Whenever possible, the Producing Party shall propose redactions to the inadvertently produced document or material, rather than withdrawing the document or material entirely.

iv. The failure to object to the introduction of a document as a deposition exhibit shall result in a waiver of any applicable claim of privilege or work product.

  v. Upon receipt of notice that a Receiving Party intends to rely upon a document in a trial or other court proceeding, the Producing Party shall notify the Receiving Party of any claim of privilege or protection in sufficient time for the Parties to meet and confer and, if necessary, apply to the Court for a ruling, in advance of the scheduled court proceeding.

  vi. When a Producing Party gives notice to a Receiving Party that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

  vii. The Parties shall meet and confer in an effort to resolve any disagreements over the Producing Party's claim of privilege or the reasonableness of any delay in notifying the Receiving Party of the inadvertent production. If the Parties cannot resolve their disagreement, the Receiving Party may apply to the Court for a ruling challenging the Producing Party's claim of inadvertent production. The application shall not include or otherwise disclose, as an attachment, exhibit, or otherwise, the claimed privileged or protected information (or any portion thereof) that is the subject of such motion other than to submit such claimed information for *in camera* review by emailing it to Chambers and/or filing it under seal or with redactions in accordance with the Court's Individual Rules and Practices. Any challenged documents or material shall remain protected against disclosure and use during the pendency of any dispute over their status.

(p) This Stipulation and Order shall not prevent any Party or Designating Party from applying to the Court for further or additional protective orders, for the modification of this

11

Stipulation and Order, or from agreeing with the other Parties to modify this Stipulation and Order, subject to the approval of the Court.

(q) Any non-party producing documents or other material in this litigation may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to all Parties to this action.

(r) This Court shall retain jurisdiction over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder.

Dated: July 6, 2022

SECURITIES AND EXCHANGE COMMISSION

By: /s/ David Stoelting*
David Stoelting
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-0174
stoeltingd@sec.gov

*Counsel for Plaintiff*

Dated: July 6, 2022

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Randy M. Mastro
Randy M. Mastro
200 Park Avenue
New York, NY 10166
(212) 351-4000
rmastro@gibsondunn.com

*Counsel for Medallion Financial Corp. and Andrew Murstein*

DEBEVOISE & PLIMPTON, LLP

By: /s/ Andrew J. Ceresney*
Andrew J. Ceresney
919 Third Avenue
New York, NY 10022
(212) 906-6000
aceresney@debevoise.com

*Counsel for Andrew Murstein*

WALDEN MACHT & HARAN LLP

By: /s/ Jim Walden*
Jim Walden
250 Vesey Street, 27th Floor
New York, NY 10281
(212) 335-2030
jwalden@wmhlaw.com

*Counsel for Andrew Murstein*

By: /s/ Hilary B. Miller*
Hilary B. Miller
500 West Putnam Avenue – Suite 400
Greenwich, Connecticut 06830-6096
(203) 587-7000
hilary@miller.net

*Counsel for Lawrence Meyers and Ichabod's Cranium, Inc.*

* Signatures used with permission pursuant to S.D.N.Y. ECF Rule 8.5(b)

Dated: ~~July~~ aug 25, 2022

/s/ JTC

LEWIS A. KAPLAN
United States District Judge

13