

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-23

September 6, 2023

**By Hand and U.S. Mail**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    **Re:** *SEC v Medallion Fin. Corp., et al.*, No. 21-cv-11125 (S.D.N.Y.)

Dear Judge Kaplan:

Plaintiff Securities and Exchange Commission respectfully submits this response to the letter dated August 29, 2023 ("Defs. Ltr."), from Defendants Medallion Financial Corp. ("Medallion") and Andrew M. Murstein ("Murstein") regarding the Second Circuit's recent opinion in *New England Carpenters Guaranteed Annuity and Pension Funds v. DeCarlo* ("*AmTrust*"), 2023 WL 5419147, -- F.4th -- (2d Cir. Aug. 23, 2023).

As shown below, the Second Circuit's *AmTrust* decision, which vacated this Court's dismissal of certain claims based on *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), while affirming the dismissal of all claims under the Securities Exchange Act of 1934 ("Exchange Act") and of claims against certain defendants under the Securities Act of 1933 ("Securities Act"), does not bolster Defendants' arguments for dismissal of the SEC's Amended Complaint. On the contrary, *AmTrust* reconfirms that the foundation of Defendants' motion to dismiss—that the alleged valuation misstatements in Medallion's 2016 and 2017 periodic reports were non-actionable opinions—is wholly without merit.

In *AmTrust*, plaintiffs alleged that the defendants, a publicly traded casualty insurance company and certain of its officers and directors, misstated the company's financial condition and results by making numerous accounting errors, including improperly recognizing revenue from extended warranties and improperly expensing employee bonuses. These misstatements were alleged to have violated Sections 11, 12(a)(2), and 15 of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. On the motion to dismiss the third amended complaint in the *AmTrust* litigation, this Court, applying *Omnicare* as then understood in the Second Circuit, held that the alleged misstatements "reflected the exercise of subjective judgment and were thus nonactionable statements of opinion." 2023 WL 5419147, at *5. The Second Circuit, however, "disagree[d] with this particular conclusion" as to the two accounting

Hon. Lewis A. Kaplan
September 6, 2023
Page 2

errors addressed in the appeal, and vacated this Court's dismissal of the Securities Act claims against certain defendants on that basis. *Id.*

The Second Circuit's reasoning in *AmTrust* shows that the Defendants' *Omnicare* arguments here are no longer viable. Specifically, the Second Circuit found that "*Omnicare **expanded*** the scope of issuer liability for statements of opinion." *Id.* (emphasis added). This critical finding contradicts Defendants' claim that under "the general rule [] opinions typically are not actionable" except in "limited circumstances." Defs. Ltr. at 1. *AmTrust*, by scrutinizing the bases for the opinion statements at issue, gave teeth to *Omnicare*'s findings that opinion statements by an issuer in its periodic reports must rest on some meaningful inquiry, be consistent with information in the issuer's possession at the time, and not reflect baseless judgments. 2023 WL 5419147, at *6.

*AmTrust* also rejected another linchpin of Defendants' motion to dismiss: that because Murstein supposedly "believed" that Medallion's valuation disclosures were accurate, no liability can attach. Defs. Ltr. at 2. The Second Circuit was unequivocal that, under *Omnicare*, "a statement of opinion, ***even if believed***, may nonetheless be actionable if it contains a factual misstatement or is rendered misleading by the omission of material facts." 2023 WL 5419147, at *5 (emphasis added).

To underscore its key finding that opinions can be actionable "even if believed," the Second Circuit in *AmTrust* pointed to its 2020 decision in *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165 (2d Cir. 2020), decided after this Court's decision in *AmTrust*, as "our latest guidance in this area." 2023 WL 5419147 at *5. The *Abramson* decision, as the Second Circuit in *AmTrust* held, "unequivocally 'rejected the proposition that there can be no liability based on a statement of opinion unless the speaker disbelieved the opinion at the time it was made.'" *Id.* at *5 (quoting *Abramson*, 965 F.3d at 175).

Under this framework, the Amended Complaint's fraud allegations are more than sufficient. In particular, the Amended Complaint alleges that Medallion's valuation-related disclosures (whether considered as facts or opinions) were false and misleading. Specifically, Medallion reported three reasons that the fair value of Medallion Bank skyrocketed even though the value of its collateral-backed loans had collapsed: (1) "external interest in Medallion Bank and its portfolio assets"; (2) a "court ruling involving a marketplace lender" that Medallion believed "heightens the interest of marketplace lenders to acquire or merge with Utah industrial banks"; and (3) that Medallion had "engaged a valuation specialist to assist the Board of Directors in its determination of Medallion Bank's fair value." Am. Compl. ¶ 180.

Each of these disclosures is alleged to be false and misleading. The "expressions of interest" were manufactured by Murstein, who had been told by Medallion's auditor and valuation specialist that such "external interest" was insufficient to justify increasing the Bank's valuation; Medallion had conducted no inquiry into the relevance of the referenced court ruling; and Murstein fired one valuation specialist and opinion-shopped for another by offering a *quid pro quo* deal of lucrative investment banking work in exchange for valuing the Bank at a number

dictated by Murstein. Am. Compl. ¶¶ 181-189. These highly material facts regarding the valuation of Medallion Bank, Medallion's most valuable asset, were never disclosed.

As the Defendants point out, the Second Circuit affirmed this Court's dismissal of the Exchange Act claims in *AmTrust* because the plaintiffs failed to raise a strong inference that the defendants in that case had acted with scienter. Defs. Ltr. at 2. But that fact-based determination in no way diminishes the strength of the Amended Complaint's scienter allegations here, which show that Murstein intentionally manipulated the valuation process by numerous deceptive acts; that Murstein lied to Medallion's auditor and concealed his behind-the-scenes machinations; and that Murstein knew that, unless he fraudulently inflated Medallion's balance sheet, Medallion would default on certain loan covenants. In *AmTrust*, by contrast, the amended complaint relied on generic facts about the company and the nature of its restatement, providing no information about any particular individual defendant's knowledge or conduct. 2023 WL 5419147, at *13-14. The Amended Complaint's highly specific allegations of scienter, however, are based on Murstein's specific statements and actions and, therefore, are more than sufficient to withstand Defendants' motion to dismiss.

For these reasons, and for the reasons set forth in the SEC's opposition brief (Dkt. 92), Defendants' motion to dismiss should be denied.

Respectfully submitted,

/s/ *David Stoelting*

David Stoelting
Senior Trial Counsel
stoeltingd@sec.gov
(212) 336-0174