# KING & SPALDING



King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy Mastro
Partner
Direct Dial: +1 212 827 4019
rmastro@kslaw.com

September 13, 2023

By Hand Delivery & U.S. Mail

Honorable Lewis A. Kaplan
United Stated District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Securities and Exchange Commission v. Medallion Financial Corp., et al.,*
      **Case No. 21-cv-11125 (S.D.N.Y.) (LAK)**

I write as counsel for Medallion Financial Corp. and Andrew Murstein ("Defendants") in brief reply to the SEC's letter to Your Honor of yesterday (the "SEC's Letter").

The letter ignores the core holding of *AmTrust* and would have this Court misapply it. In *AmTrust*, the panel determined that the defendants' expression of opinion was actionable because it would have led investors to believe an "embedded fact" that was not true. The "embedded fact" at issue there—*but not here*—was the presence of "historical evidence" expressly rooted in the accounting standard at issue, ASC 605-20-25-3. Tellingly, the SEC's Letter fails to reference any accounting standard at issue in this case that contains an "embedded fact" akin to the standard at issue in *AmTrust*. Here, unlike in *AmTrust*, the expressions of opinion of valuation are just that—opinions.

The SEC contends, instead, that Defendants' valuation disclosures were supposedly false and misleading, in three respects. (Letter at 2, citing Am. Compl. ¶ 180). But all three disclosures were *objectively true*. First, Medallion's disclosure of "external interest" in Medallion Bank was *true* – and there were not just one but *two* potential buyers. *See* ECF No. 81, Defs.' Br. ISO Mot. to Dismiss ("MTD") at 18-19, 29; Am. Compl. ¶ 173 (describing Investment Bank C's valuation and expectation of sale of a "portion" of the bank); ¶ 185 (acknowledging "*expressions* of interest" from third parties). Second, Medallion's disclosure of a court ruling that Medallion "believed" heightened interest in acquisitions of Utah industrial banks was *true*, and the SEC's letter does not dispute this factual point about Medallion's subjective belief. *See* MTD at 30; Am. Compl. ¶ 186; *Consumer Financial Protection Bureau v. CashCall, Inc.*, 2016 WL 4820635 (C.D. Cal. Aug. 31, 2016). Third, Medallion's representation that it had engaged a valuation specialist to assist in the

September 13, 2023
Page 2

determination of fair value was also *true*, and the valuation specialist stands by its work to this day. *See* MTD at 20, 30-31; Am. Compl. ¶ 175, 187-88 (acknowledging that "the valuation specialist was retained").

Nor were these three statements *misleading*. An opinion statement can be misleading if it omits material facts about the company's inquiry into the statement "*and* if those facts conflict with what a reasonable investor would take from the statement itself." *AmTrust* Slip op., at 19 (quoting *Omnicare*, 575 U.S. at 189) (emphasis added). Here, the three statements at issue were not only objectively true, but were also so generic that they would not require disclosure of ancillary details that do not "conflict" with what reasonable investors would take from the statements themselves. A detailed explication of the accuracy and propriety of all of these disclosures is set forth in Defendants' motion to dismiss opening brief (MTD at 28–31) and reply brief (ECF No. 94, at 17–18).

Respectfully,

*/s/ Randy Mastro*

Randy Mastro

Encl.

Cc:   David Stoelting, Esq.
      Andrew Ceresney, Esq. (by email)