UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
                               :

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :   Case No. 1:21-cv-11125 (LAK) |
| | : |
| MEDALLION FINANCIAL CORP., | : |
| ANDREW MURSTEIN, | :   ANSWER TO AMENDED COMPLAINT |
| LAWRENCE MEYERS, | : |
| and ICHABOD'S CRANIUM, INC., | : |
| | : |
| Defendants. | : |
| | : |

----------------------------------------------------------- x

       Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Medallion Financial

Corp. ("Medallion") and Andrew Murstein ("Murstein," and together with Medallion,

"Defendants") file this Answer to the Amended Complaint (ECF No. 45) filed by Plaintiff

Securities and Exchange Commission ("Plaintiff" or "SEC") and state as follows:

## **ANSWER**

       The Amended Complaint's allegations that Defendants violated federal securities laws

through a "valuation" scheme and a "touting" scheme are wrong as a matter of law and fact.

Medallion's reported valuations were subjective and supported by independent valuation firms and

investment banks, which continue to stand by their valuation opinions to this day; they required

no restatement, and the principal asset at issue (the bank) has substantially increased in value ever

since.  The posts that the SEC alleges were made as part of the "touting" scheme were opinions or

otherwise factually accurate, and made in direct response to short-sellers' postings trying to

damage the Company; and it is well-established that an issuer who merely pays an author to write

positive articles about a stock does not, without more, violate securities laws.  Meanwhile, the Amended Complaint fails to articulate how any shareholders were harmed or how Defendants reaped any ill-gotten gains by the alleged misconduct.  Indeed, the Amended Complaint does not allege that Medallion or Murstein received any money or property as a result of either alleged scheme.

Defendants deny all allegations contained in the headings and all unnumbered paragraphs in the Amended Complaint, except for such allegations as are explicitly and specifically admitted below.  In response to the allegations in the specific numbered paragraphs in the Amended Complaint, Defendants answer the Amended Complaint as follows:

## PRELIMINARY STATEMENT

1.      Defendants admit that Murstein is Medallion's President and Chief Operating Officer.  Defendants admit that Medallion Bank is a wholly-owned subsidiary of Medallion. Defendants otherwise deny the allegations in Paragraph 1.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that a Medallion subsidiary and Ichabod's Cranium d/b/a Asymmetrical Media Strategies entered into a consulting agreement related to responses to short sellers.  Defendants otherwise deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that certain of Medallion's subsidiaries had not repaid amounts due under promissory notes totaling $8.8 million that came due on October 17, 2016 and that the bank filed a lawsuit seeking payment of those amounts, of which the parties later settled. Defendants admit Medallion Bank took additional loan loss reserves and restated a regulatory report on or about January 24, 2017.  Defendants otherwise deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that the fair value of the Bank increased from the second quarter of 2016 to the fourth quarter of 2017 and refer the Court to the full text of Medallion's periodic filings concerning the fair value of the Bank.  Defendants otherwise deny the allegations in Paragraph 9.

10.      Defendants refer the Court to the full text of the Form 10-K and Form 10-Q filings for a complete and accurate depiction of their contents.  Defendants otherwise deny the allegations in Paragraph 10.

11.      Defendants deny the allegations in Paragraph 11.

12.      Defendants deny the allegations in Paragraph 12.

13.      Defendants deny the allegations in Paragraph 13.

## VIOLATIONS

14.      Paragraph 14 contains legal conclusions that require no response.  To the extent that Paragraph 14 contains factual allegations or otherwise requires a response, Defendants deny the allegations.  Defendants further deny that they violated the federal securities laws or any regulation promulgated thereunder.

## NATURE OF PROCEEDINGS AND RELIEF SOUGHT

15.      Paragraph 15 contains legal conclusions that require no response.  To the extent that Paragraph 15 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

16.     Paragraph 16 contains legal conclusions that require no response.  To the extent that Paragraph 16 contains factual allegations or otherwise requires a response, Defendants deny the allegations.  Defendants further deny that they violated the federal securities laws or any regulation promulgated thereunder and deny that the SEC is entitled to any final judgment against them.

## JURISDICTION AND VENUE

17.     Paragraph 17 contains legal conclusions that require no response.  To the extent that Paragraph 17 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

18.     Defendants admit that Medallion's operations are located in New York, New York and that Medallion is a public company with common stock that trades on the NASDAQ exchange. The remaining allegations in Paragraph 18 are legal conclusions that do not require a response, but to the extent that the remainder of Paragraph 18 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

## DEFENDANTS

19.     Defendants admit the allegations in Paragraph 19.

20.     As to the second sentence of Paragraph 20, Defendants admit only that Murstein's primary residence is in New York state.  As to the fourth sentence of Paragraph 20, Defendants deny that Murstein's compensation included social club memberships.  Defendants otherwise admit the allegations in Paragraph 20.

21.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21.

## RELEVANT ENTITY

22.     Defendants admit the allegations in Paragraph 22.

## FACTS

**I.     Background.**

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 24, other than to admit that the value of taxi medallions varied over time, and refer the Court to Defendants' public statements concerning medallion valuations.  Defendants otherwise deny the allegations in Paragraph 24.

25.     Defendants admit the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants refer the Court to the statements in Medallion's periodic filings regarding the Company's medallion holdings, their valuation, and the significance to the Company.  Defendants admit that Medallion held its portfolio of 159 Chicago taxi medallions between 2015 and 2017.  Defendants otherwise deny the allegations in Paragraph 29.

30.     Defendants refer the Court to the full text of Medallion's January 31, 2017 press release for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 30.  Defendants otherwise deny the allegations in Paragraph 30.

31.     Defendants refer the Court to the full text of Medallion's Form 10-K filings for a complete and accurate depiction of their contents and the context of the data provided in the chart in Paragraph 31.  Defendants otherwise deny the allegations in Paragraph 31.

32.     Defendants refer the Court to Medallion's Form 10-K filings for the fiscal years ended December 31, 2014; December 31, 2015; December 31, 2016; and December 31, 2017 for a complete and accurate depiction of Medallion's investment portfolio.  Defendants otherwise deny the allegations in Paragraph 32.

33.     Defendants refer the Court to Medallion's periodic filings regarding its medallion-related assets, valuation, and net income or loss for a complete and accurate depiction of Medallion and Medallion Bank's finances.  Defendants otherwise deny the allegations in Paragraph 33.

34.     Defendants admit the allegations in the first sentence of Paragraph 34.  Defendants deny the allegations in the second and third sentences of Paragraph 35 for failure to specify the relevant time period.

35.     Defendants admit the allegations in Paragraph 35.

36.     Paragraph 36 contains legal conclusions that require no response.  To the extent that Paragraph 36 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

37.     Defendants refer the Court to Medallion's reported earnings in its periodic reports and quarterly earnings releases.  Defendants otherwise deny the allegations in Paragraph 37.

38.     Defendants refer the Court to Medallion's reported results, changes in the fair value of its assets, and changes in net assets as reported in its periodic filings.  Defendants otherwise deny the allegations in Paragraph 37.

## II.     <u>Medallion Financial's Stock Price Plummets As Ridesharing Apps Proliferate.</u>

39.     Defendants refer the Court to Medallion's risk disclosures regarding ridesharing applications in its periodic filings.  Defendants otherwise deny the allegations of Paragraph 39.

40.     Defendants refer the Court to Medallion's publicly reported stock price. Defendants further refer the Court to the full text of Medallion's Form 10-K filings for the fiscal years ended December 31, 2014; December 31, 2015; December 31, 2016; and December 31, 2017 for a complete and accurate depiction of their contents and the context of the approximate figures provided in Paragraph 40.  Defendants otherwise deny the allegations in Paragraph 40.

41.     Defendants refer the Court to the full text of Medallion's Form 10-K filings for the fiscal years ended December 31, 2014 and December 31, 2017 for a complete and accurate depiction of their contents and the context of the approximate figures provided in Paragraph 41. Defendants otherwise deny the allegations in Paragraph 41.

42.     Defendants refer the Court to the full text of Medallion's Form 10-K filings for the fiscal years ended December 31, 2014; December 31, 2015; December 31, 2016; and December 31, 2017 for a complete and accurate depiction of their contents.  Defendants otherwise deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

III.    **Defendants' Illegal Touting Scheme.**

    A. **Murstein Hires Meyers to Secretly Counter Negative Media.**

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Defendants admit that Paragraph 45 partially quotes from an e-mail communication between Meyers and Murstein on December 1, 2014.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 45.  Defendants otherwise deny the allegations in Paragraph 45.

46.     Defendants admit that Medallion and Meyers negotiated a consulting agreement in December 2014 and that Murstein consulted the General Counsel of Medallion regarding the agreement.  Defendants otherwise deny the allegations in Paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 regarding an unspecified "draft" of the Consulting Agreement. Defendants admit that the Consulting Agreement executed by Medallion subsidiary and Ichabod's Cranium d/b/a Asymmetrical Media Strategies provided for a consulting fee of $5,000 per month for three months.  Defendants refer the Court to the full text of the Consulting Agreement for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations in Paragraph 47.

48.     Defendants admit that Paragraph 48 partially quotes from an e-mail communication between the General Counsel and Murstein on December 18, 2014.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 48. Defendants otherwise deny the allegations in Paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 regarding an unspecified "proposed version" of the Consulting Agreement.  Defendants admit that a Consulting Agreement was executed between Medallion Consulting Services LLC and Ichabod's Cranium d/b/a Asymmetrical Media Strategies. Defendants admit that Paragraph 49(b) and (c) contain partial quotations from the Consulting Agreement and refer the Court to the full text of the Consulting Agreement for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in the first sentence of Paragraph 50.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 or the accuracy of the information contained in Appendix A and Appendix B to the Amended Complaint.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 regarding unspecified "articles and comments."  Defendants otherwise deny the allegations in Paragraph 52.

53.     Defendants refer the Court to the Seeking Alpha article dated February 9, 2015 article for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 53.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 regarding any comments by Meyers.  Defendants otherwise deny the allegations of Paragraph 53.

54.     Defendants refer the Court to the Seeking Alpha article dated August 5, 2015 for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 54.  Defendants otherwise deny the allegations of Paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 or the accuracy of the information contained in Appendix B to the Amended Complaint.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.     Defendants refer the Court to the article cited in Paragraph 57 for a complete and accurate depiction of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 regarding the circumstances of the article's publication.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 including because it is unclear which "emails" are cited therein. Defendants otherwise deny the allegations in Paragraph 58.

59.     Defendants admit that Paragraph 59 partially quotes a Seeking Alpha article dated February 5, 2015 and refer the Court to the article for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 59.  Defendants otherwise deny the allegations of Paragraph 59.

60.     Defendants refer the Court to the Seeking Alpha article dated February 5, 2015 for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 60.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 regarding any comments made by Meyers.   Defendants otherwise deny the allegations of Paragraph 60.

61.     Defendants refer the Court to the Seeking Alpha article dated February 5, 2015 and the comments for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 61.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 regarding any comments made by Meyers. Defendants otherwise deny the allegations of Paragraph 61.

62.     Defendants admit that Paragraph 62 partially quotes from e-mail communications between Meyers and Murstein.   Defendants refer the Court to the full text of the e-mail

communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 62.  Defendants otherwise deny the allegations in Paragraph 62.

63.    Defendants refer the Court to the full text of the May 5, 2016 article on Blogger News Network for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 63.  Defendants otherwise deny the allegations in Paragraph 63.

64.    Defendants refer the Court to the Seeking Alpha article dated April 11, 2016 for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 64.  Defendants otherwise deny the allegations in Paragraph 64.

65.    Defendants admit that Murstein received an e-mail on April 12, 2016 related to a Seeking Alpha article and refer the Court to the e-mail for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations in Paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 regarding unspecified e-mails between Meyers and Murstein.  Defendants otherwise deny the allegations in Paragraph 66.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 regarding the permissions that Seeking Alpha provides to users of its website.  Defendants admit that Murstein received an e-mail from Seeking Alpha on April 9, 2016 related to an article published by Seeking Alpha that same day.  Defendants refer the Court to the April 9, 2016 e-mail for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations in Paragraph 67.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding any alerts received from Seeking Alpha by "professionals who did work for Medallion Financial."  To the extent that Paragraph 68 purports

to reference or quote from one or more "alerts" received by an individual associated with Medallion's Auditor, Defendants refer the Court to those documents for a complete and accurate depiction of their contents. Defendants otherwise deny the allegations in Paragraph 68.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 or the accuracy of the information contained in Appendix A to the Amended Complaint.

70.    Defendants refer the Court to the articles referenced in Paragraph 70 for a complete and accurate depiction of their contents. Defendants otherwise deny the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants admit that Paragraph 72 partially quotes from an e-mail communication between Murstein and Meyers and refer the Court to the e-mail communication for a complete and accurate depiction of its content and the context of the partial quotation in Paragraph 72. Defendants otherwise deny the allegations in Paragraph 72.

**B.    Murstein Hires Another Contractor to Anonymously Tout.**

73.    Defendants admit that Medallion Consulting Services LLC executed an Independent Contractor Services Agreement with the Contractor and that Murstein signed the Agreement on behalf of Medallion Consulting Services LLC. Defendants otherwise deny the allegations in Paragraph 73.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Contractor's experience in Paragraph 74. Defendants otherwise deny the allegations in Paragraph 74.

75.    Defendants admit that Paragraph 75 partially quotes from an e-mail communication between Murstein and Meyers on April 27, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 75.  Defendants otherwise deny the allegations in Paragraph 75.

76.    Defendants admit that Paragraph 76 partially quotes from an e-mail communication between Murstein and the Contractor on April 25, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 76.  Defendants otherwise deny the allegations in Paragraph 76.

77.    Defendants admit that Paragraph 77 partially quotes from an e-mail communication between Murstein and the Contractor on April 26, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 77.  Defendants otherwise deny the allegations in Paragraph 77.

78.    Defendants admit that Paragraph 78 partially quotes from an e-mail communication between Murstein and the Contractor on April 27, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 78.  Defendants otherwise deny the allegations in Paragraph 78.

79.    Defendants admit that Paragraph 79 partially quotes from an e-mail communication between Murstein and the Contractor on April 28, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 79.  Defendants otherwise deny the allegations in Paragraph 79.

80.    Defendants admit that Paragraph 80 partially quotes from an e-mail communication dated April 29, 2016 and refer the Court to the e-mail communication for a complete and accurate

depiction of its contents and the context of the partial quotation in Paragraph 80. Defendants otherwise deny the allegations in Paragraph 80.

81. Defendants admit that Paragraph 81 partially quotes from e-mail communications between Murstein and the Contractor on May 2, 2016 and refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 81. Defendants otherwise deny the allegations in Paragraph 81.

82. Defendants admit that Paragraph 82 partially quotes from e-mail communications between Murstein and the Contractor on May 4, 2016 and refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 82. Defendants otherwise deny the allegations in Paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 regarding the number and content of articles published by the Contractor. Defendants otherwise deny the allegations in Paragraph 83.

84. Defendants admit that Paragraph 84 partially quotes from a communication between Murstein and the Contractor on August 2, 2016 and refer the Court to the communication for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 84. Defendants otherwise deny the allegations in Paragraph 84.

85. Defendants admit that Paragraph 85 partially quotes from a communication between Murstein and the Contractor on August 5, 2016 and refer the Court to the communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 85. Defendants otherwise deny the allegations in Paragraph 85.

86. Defendants admit that Paragraph 86 partially quotes from communications between Murstein and the Contractor on November 17, 2016 and November 22, 2016 refer the Court to the

communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 86. Defendants otherwise deny the allegations in Paragraph 86.

87.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 regarding unspecified "postings" and "articles and comments." Defendants otherwise deny the allegations in Paragraph 87.

88.    Defendants refer the Court to the May 3, 2016 Huffington Post article and the comment for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 88. Defendants otherwise deny the allegations in Paragraph 88.

89.    Defendants refer the Court to the May 3, 2016 Huffington Post article for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 89. Defendants otherwise deny the allegations in Paragraph 89.

90.    Defendants admit that Paragraph 90 partially quotes from e-mail communications between Murstein and the Contractor on August 2, 2016. Defendants refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 90. Defendants otherwise deny the allegations in Paragraph 90.

91.    Defendants admit that Paragraph 91 partially quotes from an e-mail communication between Murstein and the Contractor on August 3, 2016. Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 91. Defendants otherwise deny the allegations in Paragraph 91.

92.    Defendants admit that Paragraph 92 partially quotes from an audio recording of a conversation between Murstein and the Contractor. Defendants refer the Court to the audio recording for a complete and accurate depiction of the recording. Defendants otherwise deny the allegations in Paragraph 92.

93.     Defendants admit that Paragraph 93 partially quotes from an e-mail communication between the Contractor and the PR Firm on July 7, 2016.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 93.  Defendants otherwise deny the allegations in Paragraph 93.

94.     Defendants admit that Paragraph 92 partially quotes from an audio recording of a conversation between Murstein and the Contractor.  Defendants refer the Court to the audio recording for a complete and accurate depiction of the recording.  Defendants otherwise deny the allegations in Paragraph 92.

95.     Defendants refer the Court to Medallion's website for an accurate depiction of its contents and the context of the partial quotations in Paragraph 95.  Defendants otherwise deny the allegations in Paragraph 95.

96.     Defendants admit that Paragraph 96 partially quotes from an e-mail communication between Murstein and the Contractor on November 16, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its content and the context of the partial quotation in Paragraph 96.  Defendants otherwise deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

**C.     Murstein Paid a Public Relations Firm to Anonymously Tout.**

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 98.  Defendants otherwise deny the allegations in Paragraph 98.

99.     Defendants admit that Paragraph 99 partially quotes from e-mail communications between Murstein and the PR Firm on November 16, 2016, November 17, 2016, and November 18, 2016, and refer the Court to the e-mail communications for a complete and accurate depiction

of their contents and the context of the partial quotations in Paragraph 99.  Defendants otherwise deny the allegations in Paragraph 99.

      **D.**      <u>**Murstein Responds Falsely to Press Inquiries About the Touting.**</u>

100.     Defendants admit that Paragraph 100 partially quotes from an e-mail communication between Murstein and the *New York Post* on November 26, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 100.  Defendants otherwise deny the allegations in Paragraph 100.

101.     Defendants admit that Paragraph 101 partially quotes from an e-mail communication between Murstein and the *New York Post* and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 101.  Defendants otherwise deny the allegations in Paragraph 101.

102.     Defendants admit that Paragraph 102 partially quotes from e-mail communications between Murstein and the *New York Post* and refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 102.  Defendants otherwise deny the allegations in Paragraph 102.

103.     Defendants admit that Paragraph 103 partially quotes from notes of a November 27, 2016 interview of Murstein by the New York Post and refer the Court to the notes for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 103.  Defendants admit that Medallion's General Counsel and PR Firm attended the interview.  Defendants otherwise deny the allegations in Paragraph 103.

104.     Defendants admit that Paragraph 104 partially quotes from notes of a November 27, 2016 interview of Murstein by the *New York Post* and refer the Court to the notes for a complete

and accurate depiction of their contents and the context of the partial quotations in Paragraph 104. Defendants otherwise deny the allegations in Paragraph 104.

105.    Defendants admit that Paragraph 105 partially quotes from notes of a November 27, 2016 interview of Murstein by the *New York Post* and refer the Court to the notes for a complete and accurate depiction of their contents and the context of the partial quotation in Paragraph 105. Defendants otherwise deny the allegations in Paragraph 105.

106.    Defendants admit that Paragraph 106 partially quotes from e-mail communications between a reporter, Murstein, and the General Counsel of Medallion, and refer the Court to the e-mail communications for a complete and accurate depiction of their content and the context of the partial quotations in Paragraph 106.  Defendants otherwise deny the allegations in Paragraph 106.

**E.    Murstein Paid the Contractor Hush Money to Conceal His Scheme.**

107.    Defendants admit that Paragraph 107 partially quotes from communications between Murstein and the Contractor on November 26, 2016 and refer the Court to the communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph  107.  Defendants otherwise deny the allegations in Paragraph 107

108.    Defendants admit that Paragraph 108 partially quotes from a communication between Murstein and the Contractor on December 1, 2016 and refer the Court to the communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 108.  Defendants otherwise deny the allegations in Paragraph 108.

109.    Defendants admit that Medallion Consulting Services LLC and the Contractor executed a Confidential Agreement and General Release on December 5, 2016 and that Murstein signed the contract on behalf of Medallion Consulting Services LLC.  Defendants admit that the

Confidential Agreement and General Release provided for a payment by Medallion Consulting Services LLC to the Contractor of $15,000.00.  Defendants admit that Paragraph 109 partially quotes from the Confidential Agreement and General Release.  Defendants refer the Court to the Confidential Agreement and General Release for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 109.  Defendants otherwise deny the allegations in Paragraph 109.

110.    Defendants admit that Paragraph 110 partially quotes from a communication between Murstein and the Contractor on January 18, 2017 and refer the Court to the communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 110.  Defendants otherwise deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

**IV.    Declining Financial Performance Jeopardizes Medallion Financial's Loan Facilities.**

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants admit that Paragraph 114 partially quotes from a loan agreement between Medallion and Bank A and refer the Court to the agreement for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 114.  Defendants admit that Paragraph 114 partially quotes from a credit agreement between Medallion and Bank B and refer the Court to the agreement for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 114.  Defendants otherwise deny the allegations in Paragraph 114.

115.    Defendants admit that the agreements with Bank A and B each included a definition of an "Event of Default," and that each agreement included provisions relating to the occurrence

of an "Event of Default."  Defendants refer the Court to the respective agreements with Bank A and Bank B and otherwise deny the allegations in Paragraph 115.

116.    Defendants admit that the first sentence of Paragraph 116 partially quotes from an agreement with Bank A and refer to the Court to the agreement for a complete and accurate depiction of its contents and the full context of the partial quotation.  Defendants admit the allegations in the second sentence of Paragraph 116.  Defendants otherwise deny the allegations in Paragraph 116.

117.    Defendants admit that the first sentence of Paragraph 117 partially quotes from an agreement with Bank B and refer to the Court to the agreement for a complete and accurate depiction of its contents and the full context of the partial quotation.  Defendants admit the allegations in the second sentence of Paragraph 117.  Defendants otherwise deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118.

119.    Defendants admit that in April 2016 Medallion issued a total of $33,625,000 aggregate principal amount of 9.00% unsecured notes due 2021, with interest payable quarterly in arrears with a more favorable longer-term commitment as well as covenants more favorable to the Company than prior agreements.  Defendants admit that the average interest rate on Medallion's revolving line of credit, term loans, and demand notes secured by pledge loans was approximately 3% as of June 30, 2016.  Defendants admit that Paragraph 119 partially quotes from Medallion's Form 10-Q for the period ending June 30, 2016 and refer the Court to the Form 10-Q filing for a complete and accurate depiction of its contents and the full context of the partial quotation. Defendants otherwise deny the allegations in Paragraph 119.

120.    Defendants admit that Medallion had approximately $68 million in outstanding borrowing in the form of term loans and demand notes secured by pledged loans as of September 30, 2016. Defendants otherwise deny the allegations in Paragraph 120.

121.    Defendants admit the allegations in Paragraph 121.

122.    Defendants admit the allegations in Paragraph 122.

123.    Defendants admit that Bank C claimed in a court filing that the value of a Chicago taxi medallion was $330,000 in October 2013 and approximately $60,000 in October 2016 and that the value of the medallions pledged as security for the loans did not exceed the amount of indebtedness on the loans. Defendants otherwise deny the allegations in Paragraph 123.

124.    Defendants admit that Medallion sought an extension or refinancing of the notes held by Bank C and that Bank C did not agree to extend the maturity date of the notes or refinance the terms of the loans. Defendants otherwise deny the allegations in Paragraph 124.

125.    Defendants admit that the loans with Bank C matured on October 27, 2016 and that Bank C filed a lawsuit against certain Medallion subsidiaries on October 24, 2016, which was later resolved to the satisfaction of all parties. Medallion admits that Paragraph 125 partially quotes from an affidavit of Bank C's President and Chief Executive Officer dated January 24, 2017. Defendants refer the Court to the affidavit for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 125. Defendants otherwise deny the allegations in Paragraph 125.

126.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants admit that Medallion has obtained waivers from certain of its lenders after October 2016.  Defendants otherwise deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

**V.      Murstein's Scheme to Increase the Bank's Fair Value.**

132.    Defendants admit that Medallion was required to determine and report the fair value of its investment holdings in its periodic SEC filings between 2014 and 2017.  Defendants otherwise deny the allegations in Paragraph 132.

133.    Defendants refer the Court to Medallion's Form 10-K filings for a complete and accurate depiction of their contents and the full context of the partial quotations in Paragraph 133. Defendants otherwise deny the allegations in Paragraph 133.

134.    Defendants refer the Court to Medallion's Form 10-K filings made prior to 2015 for a complete and accurate depiction of their contents and the full context of the partial quotations in Paragraph 134.  Defendants otherwise deny the allegations in Paragraph 134.

**A.      The Valuation Firm Supports A Modest Increase in the Bank's Valuation.**

135.    Defendants refer the Court to Medallion's periodic filings for a complete and accurate depiction of Medallion's approach to fair valuation.  Defendants otherwise deny the allegations in Paragraph 135.

136.    Defendants refer the Court to Medallion's periodic filings for a complete and accurate depiction of Medallion's approach to fair valuation.  Defendants otherwise deny the allegations in Paragraph 136.

137.    Defendants refer the Court to Medallion's Form 10-K filing for 2015 and Form 10-Q for the second quarter of 2016 for the full context of the valuation figures cited in Paragraph 137.  Defendants otherwise deny the allegations in Paragraph 137.

**B.    <u>Murstein Goads Other Financial Firms to Endorse His Valuation Number.</u>**

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants admit that Paragraph 140 partially quotes from e-mail communications between Murstein and Investment Bank A and Investment Bank B on October 17, 2016. Defendants refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the full context of the partial quotation in Paragraph 140.  Defendants otherwise deny the allegations in Paragraph 140.

141.    Defendants admit that Paragraph 141 partially quotes from communications between Murstein and Investment Bank A and refer the Court to the communications for a complete and accurate depiction of their contents and the full context of the partial quotation in Paragraph 141.  Defendants admit that Paragraph 141 partially quotes from discussion materials prepared by Investment Bank B for Medallion and refer the Court to the discussion materials for a complete and accurate depiction of their contents and the full context of the partial quotation in Paragraph 141.  Defendants otherwise deny the allegations in Paragraph 141.

142.    Defendants admit that Paragraph 142 partially quotes from e-mail communications between Murstein and the president of a Utah industrial bank on October 28, 2016 and October 29, 2016 and refer the Court to the communications for a complete and accurate depiction of their contents and the full context of the partial quotations in Paragraph 142.  Defendants otherwise deny the allegations in Paragraph 142.

143.    Defendants admit that Paragraph 143 partially quotes from an e-mail communication between Murstein and the president of a Utah industrial bank on October 30, 2016 and refer the Court to the communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 143.    Defendants otherwise deny the allegations in Paragraph 143.

144.    Defendants admit that Paragraph 144 partially quotes from a draft letter from the industrial bank and refer the Court to the draft letter for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 144.    Defendants admit that Paragraph 144 partially quotes from an internal e-mail communication from the industrial bank dated November 21, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 144. Defendants otherwise deny the allegations in Paragraph 144.

145.    Defendants admit that Paragraph 145 partially quotes from an e-mail communication sent by Murstein on December 12, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 145.  Defendants otherwise deny the allegations in Paragraph 145.

146.    Defendants admit that Paragraph 146 partially quotes from e-mail communications sent by Murstein on December 13, 2016 and December 15, 2016 and refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the full context of the partial quotations in Paragraph 146.  Defendants otherwise deny the allegations in Paragraph 146.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 regarding an unspecified notification to Murstein by the consumer lender.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants admit that Paragraph 149 partially quotes from an e-mail communication between the Auditor and Murstein on October 24, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 149.  Defendants admit that Paragraph 149 partially quotes from an e-mail communication between the Valuation Firm and Murstein on October 31, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 149.  Defendants otherwise deny the allegations in Paragraph 149.

150.    Defendants admit that Paragraph 150 partially quotes from e-mail communications between Murstein and Medallion's CFO and between Murstein and the Auditor.  Defendants refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the full context of the partial quotations in Paragraph 150.  Defendants otherwise deny the allegations in Paragraph 150.

151.    Defendants admit that Paragraph 151 partially quotes from an e-mail communication between Murstein and a Medallion Bank official on December 15, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 151.  Defendants otherwise deny the allegations in Paragraph 151.

152.    Defendants admit that Paragraph 152 partially quotes from an e-mail communication between Murstein and a Medallion Bank executive on December 16, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents

and the full context of the partial quotations in Paragraph 152.  Defendants otherwise deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

**C.      For 3Q 2016, Murstein Pressures the Valuation Firm to Increase Fair Value.**

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants admit that Paragraph 155 partially quotes from an e-mail communication between the Valuation Firm and Murstein on October 31, 2016.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 155.  Defendants otherwise deny the allegations in Paragraph 155.

156.    Defendants admit that Paragraph 156 partially quotes from an e-mail communication between Murstein and the Valuation Firm on November 1, 2016.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 156.  Defendants otherwise deny the allegations in Paragraph 156.

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 regarding unspecified e-mails between the Valuation Firm and Murstein.

158.    Defendants admit that Paragraph 158 partially quotes from an e-mail communication between Murstein and the Valuation Firm on November 1, 2016.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 158.  Defendants otherwise deny the allegations in Paragraph 158.

159.    Defendants admit that Paragraph 159 partially quotes from an e-mail communication between Murstein and the Valuation Firm on November 1, 2016. Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotations in Paragraph 159. Defendants otherwise deny the allegations in Paragraph 159.

160.    Defendants admit that Paragraph 160 partially quotes from internal e-mail communications of the Valuation Firm on November 1, 2016 and November 2, 2016. Defendants refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the full context of the partial quotations in Paragraph 160. Defendants otherwise deny the allegations in Paragraph 160.

**D.    Rejecting the Auditor's Advice, Murstein Fires the Valuation Firm.**

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants admit that Paragraph 162 partially quotes from e-mail communications between the Auditor and Murstein on October 21, 2016 and October 24, 2016. Defendants refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the full context of the partial quotations in Paragraph 162. Defendants otherwise deny the allegations in Paragraph 162.

163.    Defendants admit that Paragraph 163 partially quotes from an e-mail communication between Murstein and the Valuation Firm on October 31, 2016. Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 163. Defendants otherwise deny the allegations in Paragraph 163.

164.    Defendants admit that Paragraph 164 partially quotes from an e-mail communication between the Auditor and Murstein on November 2, 2016. Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotations in Paragraph 164. Defendants otherwise deny the allegations in Paragraph 164.

165.    Defendants admit that Paragraph 165 partially quotes from an e-mail communication between the Auditor and Murstein on November 2, 2016. Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotations in Paragraph 165. Defendants otherwise deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Paragraph 167 contains legal conclusions that require no response. To the extent that Paragraph 167 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

168.    Paragraph 168 contains legal conclusions that require no response. To the extent that Paragraph 168 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

**E.    <u>Murstein Entices Investment Bank C Firm to Provide a Valuation.</u>**

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants admit that Paragraph 170 partially quotes from e-mail communications between Murstein and Investment Banks A, B, and C on November 1, 2016. Defendants refer the Court to the e-mail communications for a complete and accurate depiction of its contents and the

full context of the partial quotation in Paragraph 170.  Defendants otherwise deny the allegations in Paragraph 170.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172.    Defendants admit that Paragraph 172 partially quotes from an e-mail communication between Investment Bank C and Murstein on November 1, 2016.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 172.  Defendants otherwise deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

**F.      The Misleading Last-Minute Justifications for the Bank's Increased Value**

176.    Defendants deny the allegations in Paragraph 176.

177.    Defendants admit that Paragraph 177 partially quotes from an e-mail communication between the Auditor and Murstein on November 9, 2016.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotations in Paragraph 177.  Defendants otherwise deny the allegations in Paragraph 177.

178.    Defendants admit that Medallion provided the Third Quarter Valuation 2016 Memo to the Auditor on November 9, 2016.  Defendants otherwise deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.     Defendants refer the Court to Medallion's Form 10-Q for the period ended September 30, 2016 for a complete and accurate depiction of its contents and the full context of the partial quotations in Paragraph 180.  Defendants otherwise deny the allegations in Paragraph 180.

181.     Defendants refer the Court to Medallion's Form 10-Q for the period ended September 30, 2016 for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 181.  Defendants otherwise deny the allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

183.     Defendants refer the Court to the draft of Medallion's Form 10-Q filing for the third quarter of 2016 for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations of Paragraph 183.

184.     Paragraph 184 contains legal conclusions that require no response.  To the extent that Paragraph 184 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

185.     Paragraph 185 contains legal conclusions that require no response.  To the extent that Paragraph 185 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

186.     Paragraph 186 contains legal conclusions that require no response.  To the extent that Paragraph 186 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

187.    Paragraph 187 contains legal conclusions that require no response.  To the extent that Paragraph 187 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

188.    Paragraph 188 contains legal conclusions that require no response.  To the extent that Paragraph 188 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

189.    Paragraph 189 contains legal conclusions that require no response.  To the extent that Paragraph 189 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

**G.    The Valuation Scheme Avoided a Default on the Loan With Bank B.**

190.    Defendants deny the allegations in paragraph 190.

191.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 191.  Defendants otherwise deny the allegations in Paragraph 191.

**VI.    Medallion Financial Failed to Take Into Account Key Facts Concerning the Fair Value of its Non-Bank Medallion-Related Assets.**

192.    Defendants admit that, in 2016, Medallion Bank and Medallion had loans collateralized by taxi medallions in New York and Chicago and that Medallion also owned some Chicago medallions outright.  Defendants otherwise deny the allegations in Paragraph 192.

**A.    Medallion Fails to Account for Changes in Chicago Medallion Prices.**

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants admit that Medallion Bank filed a Call Report on October 27, 2016 and refer the Court to the Call Report for a complete and accurate depiction of its contents.   Defendants otherwise deny the allegations in Paragraph 195.

196.    Defendants admit that Medallion filed a Form 10-Q for the period ending September 30, 2016 on November 9, 2016.  Defendants admit that Paragraph 196 partially quotes from a Medallion e-mail communication dated November 8, 2016 and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the full context of the partial quotations in Paragraph 196.  Defendants otherwise deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

199.    Defendants deny the allegations in Paragraph 199.

200.    Defendants admit that Paragraph 200 partially quotes from the Third Quarter 2016 Valuation Memo and refer the Court to the document for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 200.  Defendants otherwise deny the allegations in Paragraph 200.

201.    Paragraph 201 contains legal conclusions that require no response.  To the extent that Paragraph 201 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

202.    Defendants deny the allegations in Paragraph 202.

203.    Defendants refer the Court to Medallion's Form 10-Q filing for the third quarter of 2016 for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 203.  Defendants otherwise deny the allegations in Paragraph 203.

204.    Defendants refer the Court to Medallion's Form 10-Q filing for the third quarter of 2016 for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 204.  Defendants otherwise deny the allegations in Paragraph 204.

**B.    Failure to Estimate Fair Value for Performing or Slightly Overdue Loans.**

205.    Defendants deny the allegations in Paragraph 205.

206.    Defendants refer the Court to Medallion's periodic filings from 2015 through 2017 for a complete and accurate depiction of their contents and the full context of the partial quotation in Paragraph 206.  Defendants otherwise deny the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207.

208.    Paragraph 208 contains legal conclusions that require no response.  To the extent that Paragraph 208 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

209.    Defendants refer the Court to Medallion's Form 10-Q for the third quarter of 2016 for a complete and accurate depiction of its contents and the full context of the partial quotation in paragraph 209.  Defendants otherwise deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Paragraph 211 contains legal conclusions that require no response.  To the extent that Paragraph 211 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

212.    Defendants deny the allegations in Paragraph 212.

213.    Defendants deny the allegations in Paragraph 213.

**VII.    Additional Misleading Disclosures in the 2016 Form 10-K.**

214.    Defendants deny the allegations in Paragraph 214.

**A.    The Bank Regulators Concluded Chicago Medallions Were**
**Worth $60,000 and Raised Concerns about Overall Deterioration**
**of the Medallion Loan Portfolio.**

215.    Defendants admit that Paragraph 215 partially quotes from a letter sent by the FDIC and the UDFI to the Board of Directors of Medallion Bank on July 27, 2016.  Defendants refer the Court to the letter for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 215.  Defendants otherwise deny the allegations of Paragraph 215.

216.    Defendants admit the allegations in Paragraph 216.

217.    Defendants admit that Paragraph 217 partially quotes from the Report by the FDIC and the UDFI.  Defendants refer the Court to the Report for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 217.  Defendants otherwise deny the allegations of Paragraph 217.

218.    Defendants admit that Paragraph 218 partially quotes from the Report by the FDIC and the UDFI.  Defendants refer the Court to the Report for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 218.  Defendants otherwise deny the allegations of Paragraph 218.

219.    Defendants admit that Paragraph 219 partially quotes from the Report by the FDIC and the UDFI.  Defendants refer the Court to the Report for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 219.  Defendants otherwise deny the allegations of Paragraph 219.

220.    Defendants admit the allegations in Paragraph 220.

221.    Defendants refer the Court to Medallion Bank's restated Call Report for the period ending September 30, 2016 for a complete and accurate depiction of its contents and the full context of the figures cited in Paragraph 221.  Defendants otherwise deny the allegations in Paragraph 221.

222.    Defendants admit that Investment Bank C revised its November 8, 2016 valuation report on Medallion Bank based on the revised loan loss reserves for the period ending September 30, 2016.  Defendants admit that Investment Bank C's November 8, 2016 valuation report on Medallion Bank estimated a fair value between $191 million and $271 million.  Defendants refer the Court to Medallion's statements regarding fair value of its investment in Medallion Bank in Medallion's Form 10-Q filing for the third quarter of 2016.  Defendants otherwise deny the allegations in Paragraph 222.

223.    Defendants admit that Investment Bank C revised its November 8, 2016 valuation of Medallion Bank based on the revised loan loss reserves for the period ending September 30, 2016.  Defendants admit that Investment Bank C's revised valuation estimated a fair value between $156 million and $250 million.  Defendants admit that Paragraph 223 partially quotes from a January 24, 2017 Medallion e-mail communication and refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 223.  Defendants otherwise deny the allegations in Paragraph 223.

224.    Defendants refer the Court to Medallion's Form 10-K for the fiscal year ending December 31, 2016 for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 224.  Defendants otherwise deny the allegations in Paragraph 224.

**B.    <u>Medallion Financial Filed a Misleading Form 10-K for 2016.</u>**

225.    Defendants deny the allegations in Paragraph 225.

226.    Defendants refer the Court to Medallion's Form 10-K filing for the year ended December 31, 2016 for a complete and accurate depiction of Medallion's statements regarding the fair value of Medallion Bank.  Defendants otherwise deny the allegations in Paragraph 226.

227.    Defendants refer the Court to Medallion's Form 10-K filing for the year ended December 31, 2016 for a complete and accurate depiction of Medallion's statements regarding the fair value of Medallion Bank.  Defendants otherwise deny the allegations in Paragraph 227.

228.    Defendants refer the Court to Medallion's Form 10-K filing for the year ended December 31, 2016 for a complete and accurate depiction of Medallion's statements regarding the fair value of Medallion Bank.  Defendants otherwise deny the allegations in Paragraph 228.

229.    Defendants admit that Paragraph 229 partially quotes from e-mail communications between Murstein and Medallion's CFO on January 24, 2017.  Defendants refer the Court to the e-mail communications for a complete and accurate depiction of their contents and the context of the partial quotations in Paragraph 229.  Defendants otherwise deny the allegations in Paragraph 229.

230.    Defendants admit that Paragraph 230 partially quotes from an e-mail communication between Murstein and Medallion's CFO on January 24, 2017.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 230.  Defendants otherwise deny the allegations in Paragraph 230.

231.    Defendants admit that Paragraph 231 partially quotes from an e-mail communication between Murstein and Investment Bank C on January 24, 2017.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 231.  Defendants otherwise deny the allegations in Paragraph 231.

232.    Defendants refer the Court to Investment Bank C's report as of December 31, 2016 for a complete and accurate depiction of its contents and the context of the figures cited in Paragraph 232.  Defendants otherwise deny the allegations in Paragraph 232.

233.    Defendants refer the Court to Medallion's Form 10-K for the fiscal year ending December 31, 2016 for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 233.  Defendants otherwise deny the allegations of Paragraph 233.

234.    Paragraph 234 contains legal conclusions that require no response.  To the extent that Paragraph 234 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

235.    Paragraph 235 contains legal conclusions that require no response.  To the extent that Paragraph 235 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

236.    Defendants admit that Murstein signed the 2016 Form 10-K in his capacity as a member of the Board of Directors.  Defendants otherwise deny the allegations in Paragraph 236.

VIII.    **False and Misleading Disclosures in Medallion Financial's**
        **2017 Forms 10-Q and 10-K.**

237.    Defendants admit that Investment Bank C provided another report for the second quarter of 2017 and refer the Court to the report for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 237.  Defendants otherwise deny the allegations in Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238.

239.    Defendants admit that Paragraph 239 partially quotes from an e-mail communication between Murstein and Investment Bank C on July 11, 2017.  Defendants refer the Court to the e-mail communication for a complete and accurate depiction of its contents and the

context of the partial quotation in Paragraph 239.  Defendants otherwise deny the allegations in Paragraph 239.

240.    Defendants admit that Medallion Bank reported a fair value of $290.5 million by year-end 2017.  Defendants otherwise deny the allegations in Paragraph 240.

241.    Defendants admit that Paragraph 241 partially quotes from a report from a consultant in August 2017 and refer the Court to the report for a complete and accurate depiction of its contents and the context of the partial quotations in Paragraph 241.  Defendants otherwise deny the allegations in Paragraph 241.

242.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 242.

243.    Defendants refer the Court to Medallion's 2017 Forms 10-Q and Form 10-K for a complete and accurate depiction of their contents.  Defendants otherwise deny the allegations in Paragraph 243.

244.    Defendants admit Paragraph 244 partially quotes from a communication between Murstein and Investment Bank C and refer the Court to the communication for a complete and accurate depiction of its contents and the context of the partial quotation in Paragraph 244. Defendants otherwise deny the allegations in Paragraph 244.

245.    Defendants deny the allegations in Paragraph 245.

246.    Defendants deny the allegations in Paragraph 246.

247.    Defendants admit that Murstein signed the 2017 Form 10-K in his capacity as a member of the Board of Directors.  Defendants otherwise deny the allegations in Paragraph 247.

**IX.**     <u>**Books and Records and Internal Controls Violations.**</u>

248.    Paragraph 248 contains legal conclusions that require no response.  To the extent that Paragraph 248 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

249.    Paragraph 249 contains legal conclusions that require no response.  To the extent that Paragraph 249 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

250.    Paragraph 250 contains legal conclusions that require no response.  To the extent that Paragraph 250 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

251.    Paragraph 251 contains legal conclusions that require no response.  To the extent that Paragraph 251 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

252.    Paragraph 252 contains legal conclusions that require no response.  To the extent that Paragraph 252 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

**A.**     **The Fraudulent Valuations of the Bank and of the Chicago Medallion Portfolio Rendered Medallion Financial's Books and Records <u>Materially Misleading</u>.**

253.    Paragraph 253 contains legal conclusions that require no response.  To the extent that Paragraph 253 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

254.    Paragraph 254 contains legal conclusions that require no response.  To the extent that Paragraph 254 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

**B.      Medallion Financial Inaccurately Calculated its 2017 Loan to Value Ratio.**

255.    Paragraph 255 contains legal conclusions that require no response.  To the extent that Paragraph 255 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

256.    Defendants admit that Medallion's Form 10-K for the year ended December 31, 2016 estimated a weighted average loan-to-value ratio of all medallion loans of 129%.  Defendants admit that Medallion's Form 10-K for the year ended December 31, 2017 estimated a weighted average loan-to-value ratio of all medallion loans of 131%.  Defendants refer the Court to Medallion's Form 10-K for the year ended December 31, 2016 for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations in Paragraph 256.

257.    Defendants refer the Court to the full text of Medallion's Form 10-K for the year ended December 31, 2017 for a complete and accurate depiction of its contents, including the discussion of weighted average LTV of loans collateralized by taxi medallions, and the context of the partial quotation in Paragraph 257.  Defendants otherwise deny the allegations in Paragraph 257.

258.    Paragraph 258 contains legal conclusions that require no response.  To the extent that Paragraph 258 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

259.    Paragraph 259 contains legal conclusions that require no response.  To the extent that Paragraph 259 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

260.    Defendants deny the allegations in Paragraph 260.

C.      **Murstein Aided and Abetted the Books and Records Violations.**

261.    Paragraph 261 contains legal conclusions that require no response.  To the extent that Paragraph 261 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

262.    Paragraph 262 contains legal conclusions that require no response.  To the extent that Paragraph 262 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

X.      **Murstein Deceived the Auditor.**

263.    Defendants admit that Paragraph 263 partially quotes from a management representation letter related to Medallion's Form 10-Q filing for the third quarter of 2016. Defendants refer the Court to the management representation letter for a complete and accurate depiction of its contents and the full context of the partial quotation in Paragraph 263.  Defendants otherwise deny the allegations in paragraph 263.

264.    Paragraph 264 contains legal conclusions that require no response.  To the extent that Paragraph 264 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

265.    Defendants refer the Court to the management representation letters described in Paragraph 265 for a complete and accurate depiction of their contents.  Defendants otherwise deny the allegations in paragraph 265.

266.    Defendants refer the Court to the management representation letters described in Paragraph 266 for a complete and accurate depiction of their contents.  Defendants otherwise deny the allegations in paragraph 266.

267.    Paragraph 267 contains legal conclusions that require no response.  To the extent that Paragraph 267 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

268.    Defendants admit that Murstein signed the valuation memoranda for Medallion Financial's filings for the period ended December 31, 2016, March 31, 2017, June 30, 2017, September 30, 2017, and December 31, 2017.  Defendants refer the Court to the valuation memoranda described in Paragraph 268 for a complete and accurate depiction of their contents.  Defendants otherwise deny the allegations in Paragraph 268.

269.    Defendants refer the Court to the November 2016 valuation memorandum described in Paragraph 269 for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations in Paragraph 269.

270.    Defendants refer the Court to the 2017 valuation memorandum described in Paragraph 270 for a complete and accurate depiction of its contents.  Defendants otherwise deny the allegations in Paragraph 270.

## XI.    GAAP Violations

271.    Paragraph 271 contains legal conclusions that require no response.  To the extent that Paragraph 271 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

### TOLLING AGREEMENTS

272.    Defendants admit the allegations in Paragraph 272.

273.    Defendants admit the allegations in Paragraph 273.

## FIRST CLAIM FOR RELIEF
### (Defendants Medallion Financial and Murstein)
### Violations of Section 17(a) of the Securities Act

274.    Defendants reallege and incorporate by reference herein their responses to the allegations in Paragraph 1 through Paragraph 271.

275.    Based on the Court's September 18, 2024 ruling dismissing Count One of the Amended Complaint with respect to the Section 17(a)(2) claim (ECF No. 105), the allegations in clause (b) of Paragraph 275 are no longer at issue and no response is required.  The remaining allegations in Paragraph 275 contain legal conclusions that require no response.  To the extent that the remainder of Paragraph 275 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

276.    Paragraph 276 contains legal conclusions that require no response.  To the extent that Paragraph 276 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF
### (Defendants Medallion Financial, Murstein, Meyers, and Ichabod's Cranium)
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5

277.    Defendants reallege and incorporate by reference herein their responses to the allegations in Paragraph 1 through Paragraph 271.

278.    Paragraph 278 contains legal conclusions that require no response.  To the extent that Paragraph 278 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

279.    Paragraph 279 contains legal conclusions that require no response.  To the extent that Paragraph 279 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

### THIRD CLAIM FOR RELIEF
**(Defendants Meyers and Ichabod's Cranium)**
**Violations of Section 17(b) of the Securities Act**

280.    Defendants reallege and incorporate by reference herein their responses to the allegations in Paragraph 1 through Paragraph 271.

281.    Paragraph 281 contains legal conclusions that require no response.  To the extent that Paragraph 281 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

282.    Paragraph 282 contains legal conclusions that require no response.  To the extent that Paragraph 282 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

### FOURTH CLAIM FOR RELIEF
**(Defendants Medallion Financial and Murstein)**
**Aiding and Abetting Violations of Section 17(b) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

283.    Defendants reallege and incorporate by reference herein their responses to the allegations in Paragraph 1 through Paragraph 271.

284.    Paragraph 284 contains legal conclusions that require no response.  To the extent that Paragraph 284 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

285.    Paragraph 285 contains legal conclusions that require no response.  To the extent that Paragraph 285 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF
### (Defendant Medallion Financial)
**Violations of Sections 13(a), 13(b)(2)(A) and (B) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder**

286.    Defendants reallege and incorporate by reference herein their responses to the allegations in Paragraph 1 through Paragraph 271.

287.    Paragraph 287 contains legal conclusions that require no response.  To the extent that Paragraph 287 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

288.    Paragraph 288 contains legal conclusions that require no response.  To the extent that Paragraph 288 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

289.    Paragraph 289 contains legal conclusions that require no response.  To the extent that Paragraph 289 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

## SIXTH CLAIM FOR RELIEF
### (Murstein)
**Aiding and Abetting Violations of Sections 13(a), 13(b)(2)(A) and (B) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11 and 13a-13 Thereunder**

290.    Defendants reallege and incorporate by reference herein their responses to the allegations in Paragraph 1 through Paragraph 271.

291.    Paragraph 291 contains legal conclusions that require no response.  To the extent that Paragraph 291 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

292.    Paragraph 292 contains legal conclusions that require no response.  To the extent that Paragraph 292 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

## SEVENTH CLAIM FOR RELIEF
### (Murstein)
### Violations of Rule 13b2-2 of the Exchange Act

293.    Defendants reallege and incorporate by reference herein their responses to the allegations in Paragraph 1 through Paragraph 271.

294.    Paragraph 294 contains legal conclusions that require no response.  To the extent that Paragraph 294 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

295.    Paragraph 295 contains legal conclusions that require no response.  To the extent that Paragraph 295 contains factual allegations or otherwise requires a response, Defendants deny the allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought.

## JURY DEMAND

Defendants deny that any of the claims asserted against them are valid, but Defendants demand a trial by jury for all claims so triable.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Defendants fail to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make a misstatement or omission of material fact.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants lacked the requisite scienter, including specific intent to deceive, willfulness, recklessness, and/or negligence, necessary to establish violations of the securities laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants were entitled to, and did, rely on the advice of professionals, including attorneys and accountants, in making the decisions, statements, and omissions alleged in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Defendants acted with due diligence and/or did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Medallion's filings with the SEC or press releases or any statement issued in connection therewith or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims related to an alleged touting scheme are barred, in whole or in part, to the extent that a publication did not mention Medallion.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims related to an alleged touting scheme are barred, in whole or in part, because issuers cannot be held liable for touting claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's books and records claims are barred, in whole or in part, because Defendants acted in good faith and reasonably at all times in maintaining Medallion's books, records, and accounts.

## NINTH AFFIRMATIVE DEFENSE

The relief requested in the Amended Complaint is inappropriate, in whole or in part, because the Amended Complaint fails to allege a reasonable likelihood of future violations of the securities laws by Defendants.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims and requests for civil monetary penalties are barred, in whole or in part, by the applicable statute of limitations.


Dated: November 15, 2024          Respectfully submitted,

By:*/s/ Randy Mastro*
Randy Mastro
Mark Kirsch
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Phone: 212-790-5329
Fax: 212-556-2222
rmastro@kslaw.com
mkirsch@kslaw.com

*Attorneys for Medallion Financial Corp.*
*and Andrew Murstein*