**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

           -against-

MEDALLION FINANCIAL CORP.,
ANDREW MURSTEIN,
LAWRENCE MEYERS,
and ICHABOD'S CRANIUM, INC.,

                             Defendants.

_____

**21-CV-11125-LAK**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/30/2025
```

**FINAL JUDGMENT AS TO DEFENDANTS**
**MEDALLION FINANCIAL CORP. AND ANDREW MURSTEIN**

     The Securities and Exchange Commission ("SEC") having filed an Amended Complaint and Defendants Medallion Financial Corp. ("Medallion") and Andrew Murstein ("Murstein") (together, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a)(1), (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(b) of the Securities Act [15 U.S.C. § 77q(a)] by using any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Medallion is permanently restrained and enjoined from violating, directly or indirectly, Sections 13(a),

3

13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. § 78m(a), (b)(2)(A) and (B)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.FR. §§ 240.12b-20, 13a-1, 13a-11 and 13a-13], by:

(a)     failing to make and keep books, records, and accounts that in reasonable detail accurately and fairly reflect its transactions and disposition of assets;

(b)     failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are executed in accordance with Defendant Medallion's management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; or

(c)     failing to file with the SEC such financial reports as the SEC has prescribed, and/or failing to include, in addition to the information expressly required to be stated in such reports, such further material information as is necessary to make the statements made therein, in light of the circumstances in which they were made, not misleading,

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Medallion's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Medallion or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Murtstein is permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. § 78m(a), (b)(2)(A) and (B)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.FR. §§ 240.12b-20, 13a-1, 13a-11 and 13a-13] by knowingly or recklessly providing substantial assistance to an issuer that:

(a)    fails to make and keep books, records, and accounts that in reasonable detail accurately and fairly reflect its transactions and disposition of assets;

(b)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are executed in accordance with its management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and/or maintains accountability for assets; or

(c)    fails to file with the Commission such financial reports as the Commission has prescribed, and/or fails to include, in addition to the information expressly required to be stated in such reports, such further material information as is necessary to make the statements made therein, in light of the circumstances in which they were made, not misleading,

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Mutstein's officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Murstein is permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 under the Exchange Act [17 C.FR. §§ 240.13b2-2] by

(a)    making or causing to be made materially false or misleading statements to an accountant; or

(b)    omitting to state, or causing another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (1) an audit, review, or examination of financial statements required by the Exchange Act or rules thereunder, or (2) the preparation of filing of a document or report required to be filed with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Mutstein's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) Defendant Medallion shall pay a civil penalty in the amount of $3,000,000; and

(b) Defendant Murstein shall pay a civil penalty in the amount of $1,000,000,

to the Securities and Exchange Commission pursuant to Section  21(d)(3) of the Exchange Act

[15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

Defendant Medallion shall make its payment within 30 days after entry of this Final Judgment. Defendant Murstein shall make his payment pursuant to the terms of the payment schedule set forth in paragraph VIII below.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Medallion as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Medallion or Murstein. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post-judgment interest on any amounts due after 30 days of the

entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## VIII.

Defendant Murstein shall pay the total penalty due of $1,000,000 in four installments to the Commission according to the following schedule: (1) $250,000, within 30 days of entry of this Final Judgment; (2) $250,000, within 90 days of entry of this Final Judgment; (3) $250,000, within 180 days of entry of this Final Judgment; and (4) $250,000, within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Murstein shall contact the staff of the Commission for the amount due for the final payment.

If Murstein fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Medallion shall undertake the following:

(a)    <u>Undertaking to Retain an Independent Compliance Consultant</u>:

8

i.  Medallion shall retain, within 45 days of entry of Judgment in this matter, the services of an Independent Compliance Consultant ("Independent Consultant") not unacceptable to the staff of the SEC and provide a copy of the Amended Complaint and the Consent and Final Judgment to the Independent Consultant.  Not later than 15 days following the date of the Independent Consultant's engagement, Medallion shall provide the SEC staff with a copy of its engagement letter with the Independent Consultant, describing the Independent Consultant's responsibilities, which shall be consistent with the terms of the undertakings set forth herein.  The Independent Consultant's compensation and expenses shall be borne exclusively by Medallion.

ii.  The Independent Consultant shall be retained to conduct a review and evaluation of the sufficiency of Medallion's policies, procedures, internal controls, processes, and systems in relation to compliance with applicable federal securities law requirements concerning (a) internal accounting controls in relation to Medallion's valuation of balance sheet assets; and (b)  investor communications (excluding  documents required to be filed with the Commission pursuant to Exchange Act Section 13(a) and rules thereunder), including but not limited to unlawful touting and communications via social media and other electronic platforms.  This review and evaluation shall also encompass Medallion's document retention policies and procedures in relation to their sufficiency to provide reasonable assurance that Medallion is able to effectively implement and perform relevant procedures.

iii. The review and evaluation described in paragraph 4(a)(ii) shall encompass Medallion's training policies and procedures, evaluating whether such training is sufficient to provide reasonable assurance that relevant Medallion employees understand the policies and procedures identified in paragraph 4(a)(ii)(a) and 4(a)(ii)(b).

iv. Medallion shall fully cooperate with the Independent Consultant's reasonable requests for information concerning the scope of its work.

v. Medallion shall require that, at the end of the Independent Consultant's review, which in no event shall be more than 90 days following its retention, the Independent Consultant shall submit a written report to Medallion and the SEC Staff that shall include a description of the review performed and any recommendations for changes or improvements in Medallion's policies and procedures.  To the extent Medallion finds any of the Independent Consultant's recommendations inadequate, unduly burdensome or otherwise objectionable, Medallion may meet and confer with the Independent Consultant, which may revise its report and recommendations as it deems appropriate.  In the event Medallion and the Independent Consultant are unable to resolve any disagreement regarding any recommendation of the Independent Consultant, Medallion shall apply to the Court for relief from the obligation to implement the recommendations of the Independent Consultant.

vi. Within 60 days of the issuance of the Independent Consultant's written report, Medallion shall certify to the SEC Staff that it has complied with the

Independent Consultant's recommendations or, to the extent that it has not done so, explain the basis for its departure from the Independent Consultant's recommendations.

vii. Medallion's retention of the Independent Consultant shall provide that on the one-year anniversary of the issuance of the Independent Consultant's report, the Independent Consultant shall conduct a follow-on review of Medallion's adherence to the Independent Consultant's recommendations.

viii. Medallion shall require that, at the end of the Independent Consultant's one-year follow-on review, which in no event shall be more than 45 days following commencement of the follow-on review, the Independent Consultant shall submit a final written report to Medallion and the SEC Staff describing the review performed and assessing Medallion's adherence to the Independent Consultant's previous recommendations.

ix. To ensure the independence of the Independent Consultant, Medallion: (1) shall not have the authority to terminate the Independent Consultant or substitute another independent consultant for the initial Independent Consultant without prior written approval of the SEC staff; and (2) shall compensate the Independent Consultant and persons engaged to assist the Independent Consultant for services rendered pursuant to this Order at their reasonable and customary rates.

x. For the period of engagement and for a period of two (2) years from the completion of the engagement, Medallion shall not: (1) retain the Independent Consultant for any other professional services outside of the services

11

described in Section IX of the Final Judgment; (2) enter into any other professional relationship with the Independent Consultant, including any employment, consultant, attorney-client, auditing or other professional relationship or; (2) enter into, without prior written consent of the SEC staff, any such professional relationship with any of the Independent Consultant's present or former affiliates, directors, officers, partners, employees, or agents acting in their capacity as such.

(b)     Undertaking to Appoint a Chief Compliance Officer:

    i.   Within three months of entry of the Final Judgment, Medallion will create a new Chief Compliance Officer ("CCO") role that will report to the General Counsel. The CCO will have suitable regulatory and compliance experience and will have a dotted reporting line directly to the Chair of the Audit Committee.

    ii.  The CCO will report quarterly to the Audit Committee on any significant compliance issues arising during the quarter.

    iii. The CCO may be removed only with the approval of the Audit Committee.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Murstein, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Murstein under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Murstein of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 30 , 2025

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

SECURITIES AND EXCHANGE COMMISSION,          :

                                 **Plaintiff,**          :          **21-CV-11125-LAK**

                                           :

       -against-          :

MEDALLION FINANCIAL CORP.,          :
ANDREW MURSTEIN,
LAWRENCE MEYERS,          :
and ICHABOD'S CRANIUM, INC.,
                                           :

                               **Defendants.**          :

———————————————————————

## CONSENT OF DEFENDANTS MEDALLION FINANCIAL CORP. AND ANDREW MURSTEIN

    1.    Defendants Medallion Financial Corp. ("Medallion") and Andrew Murstein ("Murstein") (together, "Defendants") acknowledge having been served with the Amended Complaint in this action, acknowledge having entered general appearances, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

    2.    Without admitting or denying the allegations of the Amended Complaint (except as provided herein in paragraph 12(iv) and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendants from violating Sections 17(a)(1), (3) and 17(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934

1

("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], as set forth in the Final Judgment;

(b)    permanently restrains and enjoins Defendant Medallion from violating Sections 13(a), 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. § 78m(a), (b)(2)(A) and (B)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.FR. §§ 240.12b-20, 13a-1, 13a-11 and 13a-13];

(c)    permanently restrains and enjoins Defendant Murstein from aiding and abetting violations of Sections 13(a), 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. § 78m(a), (b)(2)(A) and (B)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.FR. §§ 240.12b-20, 13a-1, 13a-11 and 13a-13];

(d)    permanently restrains and enjoins Murstein from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2];

(e)    orders Defendant Medallion to pay a civil penalty in the amount of $3,000,000, and Defendant Murstein to pay a civil penalty in the amount of $1,000,000, under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; and

(f)    orders Defendant Medallion to make certain undertakings, as set forth in the Final Judgment.

3.    Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

    4.    Medallion shall comply with the undertakings in Section X of the Final Judgment, set forth below:

    (a)    <u>Undertaking to Retain an Independent Compliance Consultant</u>:

    i.    Medallion shall retain, within 45 days of entry of Judgment in this matter, the services of an Independent Compliance Consultant ("Independent Consultant") not unacceptable to the staff of the SEC and provide a copy of the Amended Complaint and the Consent and Final Judgment to the Independent Consultant. Not later than 15 days following the date of the Independent Consultant's engagement, Medallion shall provide the SEC staff with a copy of its engagement letter with the Independent Consultant, describing the Independent Consultant's responsibilities, which shall be consistent with the terms of the undertakings set forth herein. The Independent Consultant's compensation and expenses shall be borne exclusively by Medallion.

    ii.    The Independent Consultant shall be retained to conduct a review and evaluation of the sufficiency of Medallion's policies, procedures, internal controls, processes, and systems in relation to compliance with applicable

3

federal securities law requirements concerning (a) internal accounting controls in relation to Medallion's valuation of balance sheet assets; and (b) investor communications (excluding documents required to be filed with the Commission pursuant to Exchange Act Section 13(a) and rules thereunder), including but not limited to unlawful touting and communications via social media and other electronic platforms. This review and evaluation shall also encompass Medallion's document retention policies and procedures in relation to their sufficiency to provide reasonable assurance that Medallion is able to effectively implement and perform relevant procedures.

iii. The review and evaluation described in paragraph 4(a)(ii) shall encompass Medallion's training policies and procedures, evaluating whether such training is sufficient to provide reasonable assurance that relevant Medallion employees understand the policies and procedures identified in paragraph 4(a)(ii)(a) and 4(a)(ii)(b).

iv. Medallion shall fully cooperate with the Independent Consultant's reasonable requests for information concerning the scope of its work.

v. Medallion shall require that, at the end of the Independent Consultant's review, which in no event shall be more than 90 days following its retention, the Independent Consultant shall submit a written report to Medallion and the SEC Staff that shall include a description of the review performed and any recommendations for changes or improvements in Medallion's policies and procedures. To the extent Medallion finds any of the Independent Consultant's recommendations inadequate, unduly burdensome or otherwise

objectionable, Medallion may meet and confer with the Independent

Consultant, which may revise its report and recommendations as it deems

appropriate.  In the event Medallion and the Independent Consultant are

unable to resolve any disagreement regarding any recommendation of the

Independent Consultant, Medallion shall apply to the Court for relief from the

obligation to implement the recommendations of the Independent Consultant.

vi. Within 60 days of the issuance of the Independent Consultant's written report,

Medallion shall certify to the SEC Staff that it has complied with the

Independent Consultant's recommendations or, to the extent that it has not

done so, explain the basis for its departure from the Independent Consultant's

recommendations.

vii. Medallion's retention of the Independent Consultant shall provide that on the

one-year anniversary of the issuance of the Independent Consultant's report,

the Independent Consultant shall conduct a follow-on review of Medallion's

adherence to the Independent Consultant's recommendations.

viii.    Medallion shall require that, at the end of the Independent Consultant's

one-year follow-on review, which in no event shall be more than 45 days

following commencement of the follow-on review, the Independent

Consultant shall submit a final written report to Medallion and the SEC Staff

describing the review performed and assessing Medallion's adherence to the

Independent Consultant's previous recommendations.

ix. To ensure the independence of the Independent Consultant, Medallion:

(1) shall not have the authority to terminate the Independent Consultant or

5

substitute another independent consultant for the initial Independent

Consultant without prior written approval of the SEC staff; and (2) shall

compensate the Independent Consultant and persons engaged to assist the

Independent Consultant for services rendered pursuant to this Order at their

reasonable and customary rates.

x.  For the period of engagement and for a period of two (2) years from the

completion of the engagement, Medallion shall not: (1) retain the Independent

Consultant for any other professional services outside of the services

described in Section IX of the Final Judgment; (2) enter into any other

professional relationship with the Independent Consultant, including any

employment, consultant, attorney-client, auditing or other professional

relationship or;  (2) enter into, without prior written consent of the SEC staff,

any such professional relationship with any of the Independent Consultant's

present or former affiliates, directors, officers, partners, employees, or agents

acting in their capacity as such.

(b)    <u>Undertaking to Appoint a Chief Compliance Officer</u>:

i.  Within three months of entry of the Final Judgment, Medallion will create a

new Chief Compliance Officer ("CCO") role that will report to the General

Counsel.  The CCO will have suitable regulatory and compliance experience

and will have a dotted reporting line directly to the Chair of the Audit

Committee.

ii.  The CCO will report quarterly to the Audit Committee on any significant

compliance issues arising during the quarter.

iii. The CCO may be removed only with the approval of the Audit Committee.

5.      Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission ("SEC") or any member, officer, employee, agent, or representative of the SEC to induce Defendants to enter into this Consent.

8.      Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10.     Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions.  Defendants further agree to provide counsel for the SEC, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding.  Defendants acknowledge that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise

from the facts underlying this action or immunity from any such criminal liability.  Defendants

waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the

imposition of any remedy or civil penalty herein.  Defendants further acknowledge that the

Court's entry of a permanent injunction may have collateral consequences under federal or state

law and the rules and regulations of self-regulatory organizations, licensing boards, and other

regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory

disqualification with respect to membership or participation in, or association with a member of,

a self-regulatory organization.  This statutory disqualification has consequences that are separate

from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary

proceeding before the SEC based on the entry of the injunction in this action, Defendants

understand that they shall not be permitted to contest the factual allegations of the Amended

Complaint in this action.

12.    Defendants understand and agree to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations."  As part of Defendants' agreement to comply with the terms of Section 202.5(e),

Defendants:  (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the Amended Complaint or creating the

impression that the Amended Complaint is without factual basis; (ii) will not make or permit to

be made any public statement to the effect that Defendants do not admit the allegations of the

Amended Complaint, or that this Consent contains no admission of the allegations, without also

stating that Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Amended Complaint; and (iv) Murstein stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Murstein under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Murstein of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendants breach this agreement, the SEC may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not a party.

13.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the SEC or to which the SEC is a party, Defendant Murstein (i) agrees to appear and be interviewed by SEC staff at such times and places as the

9

staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the SEC for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by SEC staff; (iii) appoints Murstein's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Murstein's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Murstein in any United States District Court for purposes of enforcing any such subpoena.

15.    Defendants agree that the SEC may present the Final Judgment to the Court for signature and entry without further notice.

16.    Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: April 21, 2025

_____
Andrew Murstein

On April 21, 2025, Andrew Murstein, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

> SAMANTHA K ROZOVSKY
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02RO6376669
> Qualified in New York County
> My Commission Expires: 10/27/2026

_____
Notary Public
Commission expires: 10/27/2026

Medallion Financial Corp.

By: _____
Andrew Murstein
President and Chief Operating Officer

10

437 Madison Avenue, 38th Floor
New York, NY 10022

On April 21, 2025, Andrew Murstein, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Medallion Financial Corp. as its President and Operating Officer.

_____
Notary Public
Commission expires: 10/27/2026

Approved as to form:

_____
Attorney for Defendants

SAMANTHA K ROZOVSKY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02RO6376689
Qualified in New York County
My Commission Expires: 10/27/2026

11